IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
ROCKFORD DIVISION

| | | |
|---|---|---|
| SAMUEL CARDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Court No.: 3:16-cv-50327 |
| | ) | |
| NATIONAL RAILROAD PASSENGER | ) | |
| CORPORATION, d/b/a AMTRAK | ) | |
| | ) | **PLAINTIFF DEMANDS** |
| and | ) | **TRIAL BY JURY** |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| a Corporation | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

The Plaintiff, SAMUEL CARDWELL, by his attorneys, Patrick J. Harrington and Harrington, Thompson, Acker & Harrington, Ltd., complaining of National Railroad Passenger Corporation, d/b/a AMTRAK ("AMTRAK") and BNSF Railway Company ("BNSF"), a Corporation states:

**Allegations Common To All Counts**

1. The party Defendants named in this case by Plaintiff are joined under authority of FRCP 20, claiming any right to relief jointly, severally, or in the alternative, arising out of an occurrence involving questions of law and fact common to all named Defendants.

2. This cause of action arises out of an accident and injury to Plaintiff, SAMUEL CARDWELL, which occurred on November 1, 2014 at or near Bartley, Nebraska.

3. At the time and place aforesaid Plaintiff was working for AMTRAK as a lead service attendant on a westbound train enroute from Chicago to California.

4. At the time and place aforesaid, the AMTRAK train on which Plaintiff was working traveled over track in the vicinity of Bartley, Nebraska, owned and maintained by Defendant, BNSF.

5. At the time and place aforesaid, when the AMTRAK train on which Plaintiff was working was at or near milepost 266.2, two of the cars of said train derailed because of a broken rail.

6. At the time and place of said derailment, the train on which Plaintiff was working was traveling at a speed of approximately 78 miles per hour.

7. As a result of the aforesaid derailment, Plaintiff sustained injury.

8. At all times alleged herein, Plaintiff has resided in the Northern District of Illinois.

9. At all times alleged herein, Plaintiff has received medical treatment for the injuries he sustained in the Northern District of Illinois.

## COUNT I

### Samuel Cardwell v. AMTRAK
### (FELA)

1-9. As paragraphs 1-9 of Count 1 Plaintiff SAMUEL CARDWELL, adopts and reasserts paragraphs 1-9 of "Allegations Common to All Counts" as if fully set forth herein.

10. Count I is directed against Defendant AMTRAK by Plaintiff. Jurisdiction of this Court is invoked against this Defendant under the provisions of Title 45 U.S.C. §56 and Title 28 U.S.C. §1331.

11. Defendant AMTRAK is a corporation engaged in operating a railroad as a common carrier engaged in interstate commerce between the various states of the United States, including the Northern District of Illinois, and is subject to service of process and to the jurisdiction of this Court.

12. At the time and place of the accident and injury alleged herein, Plaintiff was employed by Defendant AMTRAK as a lead service attendant and his duties were in furtherance of interstate commerce for this Defendant.

13. At the time of the accident and injury alleged herein, both Plaintiff and Defendant AMTRAK were subject to the act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. §51, et seq., and the Code of Federal Regulations, 49 C.F.R. Part 213 - Track Safety Standards and 49 C.F.R. Part 238, Passenger Equipment Safety Standards.

14. At the time and place alleged, by its duly authorized agents and employees, said train, the persons operating the train and controlling and directing its movement, the track and roadbed were under the management, maintenance, operation and control of Defendant AMTRAK, and Plaintiff relies upon the doctrine of res ipsa loquitur as to the Defendant AMTRAK.

15. At the time and place alleged, Plaintiff was acting within the scope of his employment and in furtherance of the Defendant's business.

16. At the time and place alleged, it was Defendant AMTRAK's non delegable duty pursuant to the Federal Employers' Liability Act to exercise ordinary care to furnish Plaintiff with a reasonably safe place to work.

17. At the time and place alleged, it was Defendant AMTRAK's duty under the

Federal Employers' Liability Act to comply with the Code of Federal Regulations including: 49 C.F.R. Part 213, Track Safety Standards and 49 C.F.R. Part 238, Passenger Equipment Safety Standards.

18. Defendant AMTRAK notwithstanding its duties to Plaintiff, was careless and negligent in one or more of the following particulars and thereby contributed in whole or in part to cause injury to Plaintiff:

   a. In failing to exercise ordinary care to furnish Plaintiff with a reasonably safe place to work;

   b. In failing to exercise ordinary care to use reasonably safe methods in train operations;

   c. In failing to exercise ordinary care to use reasonably safe methods in its track operations;

   d. In failing to adequately inspect the track involved when ordinary inspection would have disclosed the presence of unsafe conditions;

   e. In failing to adequately maintain the track involved when proper maintenance would have prevented a derailment;

   f. In failing to operate its train at a safe speed so that a derailment could have been avoided;

   g. In directing a train to proceed over unsafe track at a high rate of speed;

   h. In failing to secure remedial measures to see that the involved railroad track complied with 49 C.F.R. §213, Subpart C, Track Geometry;

   i. In failing to secure remedial measures to see that the involved railroad track complied with 49 C.F.R. §213, Subpart D, Track Surface;

   j. In failing to secure remedial measures to see that the involved railroad track complied with 49 C.F.R. §213, Subpart F, Inspection;

   k. In failing to secure remedial measures to see that the involved railroad track complied with 49 C.F.R. §213, Track Safety Standards;

   l. In failing to comply with 49 C.F.R. §238, Passenger Equipment Safety

Standards;

m. In failing to adequately warn Plaintiff of unsafe conditions;

Or, In The Alternative:

n. In that at the time and place alleged, AMTRAK, by its duly authorized agents and employees, had exclusive direction and control over the operation and movement of said train, the track and roadbed and the aforesaid derailment would not have occurred in the absence of negligence by AMTRAK, or in the absence of negligence by one or more of the duly authorized agents and employees of AMTRAK. Under the doctrine of res ipsa loquitur, an inference of negligence arises against AMTRAK based upon the facts and circumstances alleged herein.

19. Plaintiff SAMUEL CARDWELL sustained personal injuries, disability, pain and suffering, medical expenses, wage losses and other recoverable damages supported by the evidence and permitted by law resulting, in whole or in part, from the careless and negligent acts and omissions of this Defendant AMTRAK.

WHEREFORE, Plaintiff SAMUEL CARDWELL prays for judgment against Defendant AMTRAK in a dollar amount sufficient to satisfy the jurisdictional limitations of this Court, plus whatever additional amount the Court and Jury deem proper as compensatory damages, plus the cost of this lawsuit.

## COUNT II

### Samuel Cardwell v. BNSF Railway Company
### (FELA - Joint Operation )

1-9. As paragraphs 1-9 of Count II, Plaintiff, SAMUEL CARDWELL, adopts and reasserts paragraphs 1-9 of "Allegations Common to All Counts" as if fully set forth herein.

10. Count II is directed against BNSF by Plaintiff, SAMUEL CARDWELL. Jurisdiction of this Court is invoked against this Defendant under the provisions of Title 45

U.S.C. §56 and Title 28 U.S.C. §1331.

11. Defendant, BNSF, is a corporation engaged in operating a railroad as a common carrier engaged in interstate commerce between the various states of the United States, including the Northern District of Illinois, and is subject to service of process and to the jurisdiction of this Court.

12. At the time of the accident and injury alleged herein, Defendant, AMTRAK, was operating a train along Defendant BNSF's line under an agreement so that Plaintiff, SAMUEL CARDWELL, was engaged in and was performing work for the mutual benefit and interest, as well in furtherance of interstate commerce for both Defendants. By virtue thereof, Both Plaintiff and Defendant BNSF were subject to the Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C., §51 et seq. the Code of Federal Regulations, 49 C.F.R., Part 213, Track Safety Standards; and the Code of Federal Regulations, 49 C.F.R. Part 238, Passenger Equipment Standards.

13. At the time and place alleged, Defendant BNSF by its duly authorized agents and employees had direction, maintenance and control over the track and track structure at the location of said derailment, and Plaintiff relies upon the doctrine of resp ipsa loquitur as to the Defendant BNSF.

14. At the time and place alleged, Plaintiff was acting within the scope of his employment and in furtherance of Defendant BNSF's business.

15. At the time and place alleged, it was Defendant BNSF's duty pursuant to the Federal Employers' Liability Act to exercise ordinary care to furnish Plaintiff with a reasonably safe place to work.

16. At the time and place alleged, it was Defendant BNSF's duty under the

Federal Employers' Liability Act to comply with the Code of Federal Regulations including: 49 C.F.R. Part 213, Track Safety Standards.

17. Defendant BNSF notwithstanding its duties to Plaintiff, was careless and negligent in one or more of the following particulars and thereby contributed in whole or in part to cause injury to Plaintiff:

a. In failing to exercise ordinary care to furnish Plaintiff with a reasonably safe place to work;

b. In failing to exercise ordinary care to use reasonably safe methods in its track operations;

c. In failing to adequately inspect the track involved, when ordinary inspection would have disclosed the presence of unsafe conditions;

d. In failing to adequately maintain the track involved, when proper maintenance would have prevented a derailment;

e. In failing to restrict the speed of trains at the location of the alleged occurrence;

f. In failing to take the track involved out of service;

g. In failing to comply with 49 C.F.R. §213, Subpart C, Track Geometry;

h. In failing to comply with 49 C.F.R. §213, Subpart D, Track Surface;

i. In failing to comply with 49 C.F.R. §213, Subpart F, Inspection;

j. In failing to comply with 49 C.F.R. §213, Track Safety Standards;

k. In failing to adequately warn Plaintiff of unsafe conditions;

Or, In the Alternative:

l. In that at the time and place alleged BNSF, by its duly authorized agents and employees, had exclusive direction and control over the track and roadbed at the location of the aforesaid derailment, and the aforesaid derailment would not have occurred in the absence of negligence by BNSF, or in the absence of negligence by one or more of the duly authorized agents and employers of BNSF, and under the

        doctrine of res ipsa loquitur, an inference of negligence arises against BNSF based upon the facts of this case.

18.    Plaintiff, SAMUEL CARDWELL, sustained personal injuries, disability, pain and suffering, medical expenses, wage losses and other recoverable damages supported by the evidence and permitted by law resulting, in whole or in part, from the careless and negligent acts and omissions of this Defendant, BNSF.

WHEREFORE, Plaintiff SAMUEL CARDWELL prays for judgment against Defendant BNSF in a dollar amount sufficient to satisfy the jurisdictional limitations of this Court, plus whatever additional amount the Court and Jury deem proper as compensating damages, plus the cost of this lawsuit.

## COUNT III

### Samuel Cardwell v. BNSF Railway Company
### (Common Law Negligence)

1-9.    As paragraphs 1-9 of Count III Plaintiff SAMUEL CARDWELL, adopts and reasserts paragraphs 1-9 of "Allegations Common to All Counts" as if fully set forth herein.

10.    Count III of Plaintiff's Complaint is directed by Plaintiff SAMUEL CARDWELL against Defendant BNSF only in the alternative. The supplemental jurisdiction of this Court is invoked under the provisions of 28 U.S.C. §1367 as this alternative claim is so related to the action in Count I which lies within the original jurisdiction of this Court so as to form part of the same case.

11.    At the time and place alleged, Defendant BNSF owned and operated the track on which the AMTRAK train was travelling.

12.    At the time and place alleged, Plaintiff was an invitee on the premises of Defendant BNSF in the performance of his duties as a lead service attendant for the

mutual interest and benefit of both Defendants AMTRAK and BNSF.

13. Defendant BNSF, is a corporation engaged in operating a railroad as a common carrier engaged in interstate commerce between the various states of the United States, including the Northern District of Illinois, and is subject to service of process and the jurisdiction of this Court.

14. At the time and place alleged, as an invitee, BNSF had a duty to use ordinary care to provide Plaintiff with a reasonably safe place to work; to adequately inspect and maintain its track; and to adequately warn Plaintiff of unsafe conditions.

15. At the time and place alleged BNSF had a duty to comply with 49 C.F.R. Part 213, Track Safety Standards.

16. Defendant BNSF notwithstanding its duties to Plaintiff SAMUEL CARDWELL was careless and negligent in one or more of the following particulars and thereby proximately caused injuries to Plaintiff:

 a. In failing to exercise ordinary care to furnish Plaintiff with a reasonably safe place to work;

 b. In failing to exercise ordinary care to use reasonably safe methods in its track operations;

 c. In failing to adequately inspect the track involved, when ordinary inspection would have disclosed the presence of unsafe conditions;

 d. In failing to adequately maintain the track involved, when proper maintenance would have prevented a derailment;

 e. In failing to restrict the speed of trains at the location of the alleged occurrence;

 f. In failing to take the track involved out of service;

 g. In failing to comply with 49 C.F.R. §213, Subpart C, Track Geometry;

h.     In failing to comply with 49 C.F.R. §213, Subpart D, Track Surface;

i.     In failing to comply with 49 C.F.R. §213, Subpart F, Inspection;

j.     In failing to comply with 49 C.F.R. §213, Track Safety Standards;

k.     In failing to adequately warn Plaintiff of unsafe conditions;

Or, In the Alternative:

l.     In that at the time and place alleged, BNSF, by its duly authorized agents and employers had exclusive direction and control over the track and roadbed at the location of the aforesaid derailment, and the aforesaid derailment would not have occurred in the absence of negligence by BNSF, or in the absence of negligence by one or more of the duly authorized agents and employers of BNSF, and under the doctrine of res ipsa loquitur, an inference of negligence arises against BNSF based upon the facts of this case.

17.     Plaintiff sustained personal injuries, disability, pain and suffering, medical expenses, wage losses and other recoverable damages supported by the evidence and permitted by law proximately caused by the careless and negligent acts and omissions of Defendant BNSF.

WHEREFORE, Plaintiff SAMUEL CARDWELL prays for judgment against defendant BNSF in a dollar amount sufficient to satisfy the jurisdictional limitations of this Court, plus whatever additional amount the Court and the Jury deem proper as compensatory damages, plus the cost of this lawsuit.

Respectfully submitted,

By:   /s/ Patrick J. Harrington
Patrick J. Harrington
*Attorneys for Plaintiff, Samuel Cardwell*

**Harrington, Thompson, Acker & Harrington, Ltd.**
**One North LaSalle Street, Suite 3150**
**Chicago, Illinois 60602**
**(312) 332-8811**
**htah@harringtonlaw.com**

-11-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
ROCKFORD DIVISION

| | | |
|---|---|---|
| SAMUEL CARDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Court No.: 3:16-cv-50327 |
| | ) | |
| NATIONAL RAILROAD PASSENGER | ) | |
| CORPORATION, d/b/a AMTRAK | ) | |
| | ) | **PLAINTIFF DEMANDS** |
| and | ) | **TRIAL BY JURY** |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| a Corporation | ) | |
| | ) | |
| Defendants. | ) | |

## JURY DEMAND

The plaintiff, SAMUEL CARDWELL, by his attorneys, Patrick J. Harrington and Harrington, Thompson, Acker & Harrington, Ltd., hereby demands trial by jury.

Respectfully submitted,

By: /s/ Patrick J. Harrington
Patrick J. Harrington
*Attorneys for Plaintiff, Samuel Cardwell*

**Harrington, Thompson, Acker & Harrington, Ltd.
One North LaSalle Street, Suite 3150
Chicago, Illinois 60602
(312) 332-8811
htah@harringtonlaw.com**